UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SAWAN KUMAR,

       Petitioner,

    v.

WARDEN GOLDEN STATE ANNEX
FACILITY, et al.,

       Respondents.

No.  1:26-cv-2620 DAD AC

FINDINGS & RECOMMENDATIONS

       Petitioner, an immigrant detainee proceeding through counsel, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 which was accompanied by a motion for a temporary restraining order.  ECF Nos. 1, 2.  The motion for a temporary restraining order was converted to a motion for a preliminary injunction and respondents were directed to respond to the motion.  ECF No. 6.  Respondents filed a combination motion to dismiss the petition and opposition to the motion for a preliminary injunction.  ECF No. 7.  This case was then related to petitioner's earlier filed pro se petition, Kumar v. Warden Golden State Annex (Kumar I), No. 1:26-cv-0868 DAD AC (E.D. Cal.).  ECF No. 8.  After issuing the related case order, the newly assigned district judge denied the motion for a preliminary injunction on the ground "that petitioner is not likely to succeed on the merits of his claims because those claims rest on the incorrect premise that petitioner has not been afforded an individualized determination of whether he is a danger or a

1

flight risk." ECF No. 9. The court further noted that the bond hearing petitioner received was conducted in compliance with the court's order in Kumar I. Id. The matter was then referred to the undersigned. Id.

On May 11, 2026, the undersigned found that petitioner "seeks release on the ground that he has not been provided a constitutionally adequate bond hearing. However, the record reflects that petitioner was given a bond hearing as ordered in Case No. 1:26-cv-0868 DAD AC, and that bond was denied on the grounds that petitioner is both a danger and a flight risk." ECF No. 10 (citing ECF No. 7 at 24-30). Petitioner was then ordered to "show cause why the petition should not be denied without prejudice to filing an amended petition or motion to enforce in Case No. 1:26-cv-0868 DAD AC." Petitioner has failed to respond to the order and the time for doing so has passed.

To the extent if any that petitioner is attempting to claim that he has not been provided a bond hearing, respondents have produced evidence showing that petitioner was provided a bond hearing on February 12, 2026. ECF No. 7 at 24, 27. To the extent petitioner is attempting to claim that the bond hearing he received did not comply with the requirements of the temporary restraining order issued in Kumar I, a motion to enforce filed in that action is the proper vehicle for relief. See Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). If the scope of petitioner's challenge to the bond hearing exceeds that scope of the order in Kumar I, then a separate habeas action may be appropriate. However, respondents submitted documentation showing that petitioner has not exhausted his administrative remedies because his appeal of the decision to the Board of Immigration Appeals (BIA) is still pending. See ECF No. 7 at 33-34 (receipt for appeal of bond determination to BIA, dated March 19, 2026).

"When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." Leonardo, 646 F.3d at 1160. Exhaustion can be excused where "pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994,

1000 (9th Cir. 2004) (quoting SEC v. G.C. George Sec., Inc., 637 F.2d 685, 688 (9th Cir. 1981)). In this case, petitioner has not made any claim that exhaustion should be excused. Therefore, even if petitioner's challenges to his bond hearing are more appropriately brought as a separate action than as a motion to enforce, dismissal of the claim without prejudice is appropriate.

For the reasons set forth above, the undersigned finds that the matters presented in this action are more appropriately filed either as a motion to enforce in Kumar I or as a separate action *after* petitioner has exhausted his administrative remedies.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed without prejudice;

2. Respondent's motion to dismiss (ECF No. 7) be DENIED as moot;

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 28, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3